COMMONWEALTH INSURANCE CO. *v.* C. A. LABUZAN AND J. L. LEWIS.

A copy of an Act of the Legislature of another State cannot be properly authenticated without having affixed to it the seal of the State.

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *Bentick Egan,* for plaintiff. *M. Grivot,* for defendant and appellant.

BUCHANAN, J. This is a suit upon a promissory note made by *Labuzan* to the order of, and endorsed in blank by *Lewis.*

There was judgment against both defendants. *Lewis* appeals.

Among other defences, the appellant disputed the corporate quality of plaintiff.

A printed paper, purporting to be a copy of an Act of the Legislature of Pennsylvania " to incorporate the Commonwealth Insurance Company of Harrisburg, Pa.," was offered in evidence by plaintiff. This document was authenticated by a certificate signed "*A. G. Curtin, Secretary of the Commonwealth, per J. H. McCauley,*" and sealed with " the seal of the Secretary's office."

A bill of exceptions was reserved to the admission of this document, as not being sufficiently authenticated.

The Act of Congress of May 26th, 1790, (Statutes at Large, vol. 1, p. 122,) section 1st, says : " Acts of the Legislatures of the several States shall be authenticated by having the seal of their respective States affixed thereto." The seal

Com'w'n Ins. Co. *v.* Labuzan.

in evidence in this case is proved not to be the seal of the State of Pennsylvania. In fact, it does not purport to be such.

As to the objection, that the certificate is not signed by the Secretary of State of Pennsylvania, but by a clerk in his office, this would not be important, were the proper seal affixed. For it was held by the Supreme Court of the United States in *Amedy's* case, 11th Wheaton, p. 406, that the seal of the State requires no certificate; that it is the sole authentication of an Act of the Legislature required by the Act of Congress; and imports absolute verity.

It is, therefore, adjudged and decreed, that the judgment of the District Court, as regards the appellant, *John L. Lewis,* be reversed; and that there be judgment in favor of said *Lewis,* as in case of nonsuit, with costs in both courts.

DUFFEL, J., absent.